# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 20, 2021

* * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| TAMMY SCHETTL, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 14-422V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Damages Award; Influenza ("Flu") Vaccine; |
| AND HUMAN SERVICES, | * | Complex Regional Pain Syndrome |
| | * | ("CRPS"). |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * *

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for petitioner.
Colleen Hartley, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On May 15, 2014, Tammy Schettl ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2012).[2] Petitioner alleged that she suffered from Complex Regional Pain Syndrome ("CRPS") caused by her October 4, 2011 influenza ("flu") vaccination. Amended ("Am.") Petition at 1-2 (ECF No. 29). Respondent conceded that petitioner is entitled to compensation, and a Ruling on Entitlement issued on August 7, 2018. Ruling on Entitlement dated Aug. 7, 2018 (ECF No. 116).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

A ruling on pain and suffering issued on January 22, 2019, awarding petitioner $200,000.00 for actual pain and suffering and "$10,000.00 per year reduced to net present value, for the rest of her life expectancy, for future pain and suffering." Ruling dated Jan. 22, 2019, at 14 (ECF No. 145). The undersigned also issued a ruling regarding the set-off of petitioner's settlement with the vaccine administrator on March 6, 2019. Ruling dated Mar. 6, 2019 (ECF No. 149). The undersigned found that the Vaccine Act is a secondary payer as to the insurance policy with her employer; therefore, petitioner's award of compensation was subject to a set-off in the amount of $58,270.07. Id. at 7. The undersigned explained that if petitioner demonstrated that she was not seeking expenses previously reimbursed by the vaccine administrator in the amount of $6,520.07 in her present Vaccine Act case, then her Vaccine Program award would be offset by only $51,750.00. Id. at 6. Thereafter, petitioner filed a sworn declaration on April 5, 2019, stating that she is claiming only those expenses accumulated following her settlement with Olmsted County. Petitioner's Exhibit ("Pet. Ex.") 66. Thus, her award was to be offset by $51,750.00.

Thereafter, the undersigned issued a decision awarding interim damages while the parties continued to work together to resolve the remaining items of damages. Decision Awarding Interim Damages dated Mar. 25, 2020 (ECF No. 207). Petitioner was awarded actual pain and suffering ($200,000.00) and past unreimbursable medical expenses ($4,494.76), offset by the amount found in the Ruling on Set-off ($51,750.00). Id. at 2. Thus, petitioner's total interim damages award was $152,744.76. Id.

The undersigned issued an order in September 2021 and a ruling in November 2021 on the remaining damages items in dispute. Order dated Sept. 30, 2021 (ECF No. 280) ("Sept. Order"); Ruling on Remaining Items of Damages issued Nov. 10, 2021 (ECF No. 286) ("Damages Ruling"). Specifically, the undersigned made a determination on (1) health insurance premiums from 2025 through 2031, (2) Medigap, (3) independent case management, (4) heavy housekeeping, and (5) yard care/snow removal/handyman services.

The undersigned determined the cost of health insurance premiums from 2025 to 2031 to be reasonably necessary and a reasonable expense to which she is entitled. Damages Ruling at 5. Because petitioner paid approximately one-tenth of the cost of her health insurance premium prior to her injury, the undersigned discounted her health insurance premium by this amount. Id. Furthermore, the undersigned's award contemplated that petitioner will be awarded the cost of the Blue Cross/Blue Shield of Minnesota plan, which was agreed upon by the life care planners as the most appropriate plan for petitioner given her particular medical needs. Id. at 5-6. Next, the undersigned determined petitioner was not entitled to Medigap because it is something her employer did not and would not have paid for had petitioner remained employed, and thus, it is not an unreimbursed expense. Id. at 6. Additionally, the undersigned found it was not cost effective given that respondent has agreed to pay for petitioner's out-of-pocket expenses (copays) for those appointments that are medically reasonable and necessary, as reflected in the life care plan. Id.

Regarding independent case management, the undersigned found it reasonably necessary every other year for petitioner's life expectancy to determine whether there are new treatments that have become available to treat petitioner's condition. Sept. Order at 2. Given petitioner's

diagnosis and condition, the undersigned found housekeeping services twice per month reasonable and necessary, and awarded this for petitioner's life expectancy. Id. at 3. Lastly, the undersigned found the evidence showed petitioner performed yard care, snow removal, and handyman services prior to her injury and is no longer able to complete these tasks due to her vaccine-related injury. Id. Thus, she found these expenses to be reasonable and necessary and awarded them through petitioner's life expectancy. Id.

On December 20, 2021, respondent filed a joint status report in response to the undersigned's ruling on remaining items of damages ("Joint Status Rept."), attached hereto as Appendix A. In lieu of a proffer, respondent submitted the Joint Status Report providing a statement of all damages, including those that the parties have agreed upon as well as those decided by the undersigned, in the manner that the parties agree upon. Joint Status Rept. at 1. In the joint status report, respondent represented that petitioner does not object to the representations made. Id. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Joint Status Report.

Pursuant to the terms stated in the attached Joint Status Report, the undersigned awards petitioner:

**(1)  A lump sum payment of $659,261.00, representing compensation for life care expenses (including case management, heavy housekeeping, and yard care/snow removal/handyman service expenses awarded by the Special Master) expected to be incurred during the first year after judgment ($21,220.00), lost earnings ($597,291.00), and projected pain and suffering ($40,750.00), in the form of a check payable to petitioner, Tammy Schettl.**

**(2)  An amount sufficient to purchase an annuity contract described in Section II.B. of the Joint Status Report.**

Joint Status Rept. at 3-5.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

                                                       **s/Nora Beth Dorsey**
                                                       Nora Beth Dorsey
                                                       Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| TAMMY SCHETTL, ) | |
| ) | |
| Petitioner, ) | No. 14-422V |
| ) | Special Master Dorsey |
| v. ) | ECF |
| ) | |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## RESPONDENT'S JOINT STATUS REPORT IN RESPONSE TO RULING ON REMAINING ITEMS OF DAMAGES (ECF NO. 286 )

In the Special Master's November 10, 2021 Ruling on Remaining Items of Damages ("Ruling"), the Special Master noted that "the parties agreed to work together to effectuate this Ruling into a consolidated Life Care Plan, and respondent agreed to file a Proffer."

In lieu of a proffer, respondent submits this Joint Status Report providing the Special Master with a statement of all damages, including those that the parties have agreed upon as well as those decided by the Special Master, in the manner that the parties agree contains the information needed for the Special Master's damages decision.

While preserving his right, pursuant to 42 U.S.C. § 300aa-12(3), to seek review of the Special Master's September 30, 2021 Order (ECF No. 280) and November 10, 2021 Ruling (ECF No. 286), respondent submits the following joint status report regarding damages.

Petitioner's counsel has reviewed this joint status report and does not object to the representations made herein.

I.   **Items of Compensation**

    A.   <u>Life Care Items</u>

Respondent engaged life care planner Linda Curtis, RN, MS, CNLCP, CCM, CNLCP and petitioner engaged Elizabeth Kattman, MS, Rehabilitation Counselor, to provide an estimation of Tammy Schettl's future vaccine-injury-related needs. Life care plans were filed in this case. Agreed-upon life care items, as well as life care items delineated as awarded by the Special Master, are illustrated by the chart entitled "Appendix A: Items of Compensation for Tammy Schettl," attached to this Joint Status Report as Tab A.[1]

    B.   <u>Lost Earnings</u>

The parties agree that based upon the evidence of record, Tammy Schettl has suffered a loss of earnings under the Vaccine Act. 42 U.S.C. § 300aa-15(a)(3)(A). The parties further agree that the amount to be awarded for Tammy Schettl's lost earnings is $597,291.00.

    C.   <u>Projected Pain and Suffering</u>

The parties agreed that based upon the evidence of record, Tammy Schettl is entitled to an award for pain and suffering under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(4). However, the parties did not agree on an overall award or the allocation to actual versus projected pain and suffering. On January 22, 2019, the Special Master awarded petitioner $200,000.00 for actual

---

[1] The chart at Tab A illustrates the parties' agreed-upon annual amounts for life care items and, pursuant to the Special Master's September 30, 2021 Order and November 10, 2021 Ruling, includes the Special Master's award of the following life care items: health insurance premiums from compensation year 2025 through compensation year 2031; insurance maximum out of pocket from compensation year 2022 through compensation year 2024; case management; heavy housekeeping; and yard care/snow removal/handyman services from the date of judgment through the remainder of petitioner's life. Annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

2

pain and suffering and "$10,000.00 per year reduced to net present value, for the rest of her life expectancy, for future pain and suffering." Ruling dated Jan. 22, 2019, at 14 (ECF No. 145). On March 25, 2020, the Special Master issued an Interim Damages Decision awarding $200,000.00 for actual pain and suffering less $51,750.00 for a set-off of petitioner's settlement with the vaccine administrator. ECF No. 207.[2]

Applying the Court's guidance on the award for projected pain and suffering, the parties agree that the amount to be awarded for Tammy Schettl's projected pain and suffering is $40,750.00. *See* 42 U.S.C. § 300aa-15(a)(4).

## II. Form of the Award

The parties request that the compensation provided to petitioner be made through a combination of a lump sum payment and future annuity payments as described below, and request that the Special Master's Decision on Damages and the Court's judgment award the following[3]:

A. A lump sum payment of $659,261.00, representing compensation for life care expenses (including case management, heavy housekeeping, and yard care/snow removal/handyman service expenses awarded by the Special Master) expected to be incurred during the first year after judgment ($21,220.00), lost earnings ($597,291.00), and projected pain and suffering ($40,750.00), in the form of a check payable to petitioner, Tammy Schettl.

---

[2] Within the Interim Damages Decision, the Special Master also awarded petitioner $4,494.76 for past unreimbursable medical expenses. ECF No. 207. These expenses were agreed upon by the parties. *Id*. Accordingly, the total amount of Interim Damages awarded was $152,744.76. *Id*.

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

B. An amount sufficient to purchase an annuity contract,[4] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[5] from which the annuity will be purchased.[6] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Tammy Schettl, only so long as petitioner is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

---

[4] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[5] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[6] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

1. <u>Growth Rate</u>

The parties agree that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.

2. <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Tammy Schettl, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Tammy Schettl's death.

3. <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

### III. Summary of Payments Following Judgment

A. Lump sum paid to petitioner, Tammy Schettl: $659,261.00

B. An amount sufficient to purchase the annuity contract described above in section II. B.

                                      Respectfully submitted,

                                      BRIAN M. BOYNTON
                                      Acting Assistant Attorney General

                                      C. SALVATORE D'ALESSIO
                                      Acting Director
                                      Torts Branch, Civil Division

                                      HEATHER L. PEARLMAN
                                      Deputy Director
                                      Torts Branch, Civil Division

                                      DARRYL R. WISHARD
                                      Assistant Director
                                      Torts Branch, Civil Division

                                      s/*Colleen C. Hartley*
                                      COLLEEN C. HARTLEY
                                      Trial Attorney
                                      Torts Branch, Civil Division
                                      U.S. Department of Justice
                                      P.O. Box 146
                                      Benjamin Franklin Station
                                      Washington, D.C. 20044-0146
                                      Tel: (202) 616-3644
                                      Email: colleen.hartley@usdoj.gov

DATED: December 17, 2021

**Appendix A:  Items of Compensation for Tammy Schettl**                                Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1<br>2021 | Compensation Years 2-4<br>2022-2024 | Compensation Years 5-11<br>2025-2031 | Compensation Years 12-Life<br>2032-Life |
|---|---|---|---|---|---|---|---|
| Insurance Premium 2022-2024 and after 10% Reduction 2025-2031 | 5% | | M | | 10,235.64 | 9,212.08 | |
| Insurance Maximum out of Pocket | 5% | | | | 7,000.00 | | |
| Medicare Part B Deductible | 5% | | | | | | 203.00 |
| Medicare Part D | 5% | | M | | | | 332.40 |
| Primary Care Physician | 5% | * | | 320.00 | 320.00 | 320.00 | 64.00 |
| Pain Management & Rehabilitation | 5% | * | | 620.00 | | 620.00 | 124.00 |
| Chiropractor | 4% | * | M | 1,080.00 | | 1,080.00 | 216.00 |
| Massage Therapy | 4% | | M | 792.00 | 792.00 | 792.00 | 792.00 |
| Pain Program at Mayo Clinic | 4% | * | | | | | |
| Behavioral Therapy Group | 4% | * | | | | | |
| Escitalopram, Phenytoin | 5% | * | M | 1,655.00 | | 1,655.00 | |
| Melatonin | 4% | | | 64.00 | 64.00 | 64.00 | 64.00 |
| Daily Assistance | 4% | | M | 10,192.00 | 21,840.00 | 21,840.00 | 29,120.00 |
| Case Management | 4% | | | 1,200.00 | 600.00 | 600.00 | 600.00 |
| Psychological Counseling | 4% | * | | | | | |
| Heavy Housekeeping | 4% | | M | 2,112.00 | 2,112.00 | 2,112.00 | 2,112.00 |
| Yard Care/Snow Removal/ Handyman | 4% | | | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 |
| Auto Car Starter | 4% | | | 160.00 | 22.86 | 22.86 | 22.86 |
| Compression Sleeve | 4% | | | 25.00 | 25.00 | 25.00 | 25.00 |
| Lost Earnings | | | | 597,291.00 | | | |
| Projected Pain and Suffering | | | | 40,750.00 | | | |
| Annual Totals | | | | 659,261.00 | 46,011.50 | 41,342.94 | 36,675.26 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($21,220.00), lost earnings ($597,291.00), and projected pain and suffering ($40,750.00): $659,261.00.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.