# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 30, 2022

```
* * * * * * * * * * * * * * * * *
```
| | | |
|---|---|---|
| TAMMY SCHETTL, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 14-422V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
```
* * * * * * * * * * * * * * * * *
```

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for petitioner.
Colleen Hartley, US Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 15, 2014, Tammy Schettl ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that she suffered from Complex Regional Pain Syndrome ("CRPS") caused by her October 4, 2011 influenza ("flu") vaccination. Amended ("Am.") Petition at 1-2 (ECF No. 29). Respondent conceded that petitioner was entitled to compensation, and a Ruling on Entitlement issued on August 7, 2018. Ruling on Entitlement dated Aug. 7, 2018 (ECF No. 116).

A ruling on pain and suffering issued on January 22, 2019, awarding petitioner $200,000.00 for actual pain and suffering and "$10,000.00 per year reduced to net present value,

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The Vaccine Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

for the rest of her life expectancy, for future pain and suffering." Ruling dated Jan. 22, 2019, at 14 (ECF No. 145). The undersigned also issued a ruling regarding the set-off of petitioner's settlement with the vaccine administrator on March 6, 2019. Ruling dated Mar. 6, 2019 (ECF No. 149). Thereafter, the undersigned issued a decision awarding interim damages while the parties continued to work together to resolve the remaining items of damages. Decision Awarding Interim Damages dated Mar. 25, 2020 (ECF No. 207).

On December 17, 2021, respondent filed a joint status report, providing a statement of the remaining items of damages, which the undersigned adopted as her decision awarding damages on December 20, 2021. Decision dated Dec. 20, 2021 (ECF No. 292).

On March 22, 2022, petitioner filed an application for attorneys' fees and costs. Petitioner's Application for Award of Final Attorneys' Fees and Reimbursement of Costs ("Pet. Mot."), filed Mar. 22, 2022 (ECF No. 297). Petitioner requests compensation in the amount of $253,702.82, representing $150,676.24 in attorneys' fees, $100,703.91 in attorneys' costs, and $2,322.67 in petitioner's costs. Pet. Mot., Tab A; Pet. Status Report, filed June 23, 2022 (ECF No. 300). Respondent filed his response on March 22, 2022, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. Mot. ("Resp. Response"), filed Mar. 22, 2022, at 2 (ECF No. 298). Petitioner did not file a reply. The matter is now ripe for disposition.

For the reasons discussed below, the undersigned **GRANTS IN PART** petitioner's motion and awards a total of $236,057.54.

## I.    DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. In this case, because petitioner was awarded compensation pursuant to a joint status report, she is entitled to a final award of reasonable attorneys' fees and costs.

### A.    Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds & aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F.3d at 1521.

### i.       Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of her counsel:

**Attorney – Richard Gage:**
2014: $299.64
2015: $300.00
2016: $311.00
2017: $318.00
2018: $326.00
2019: $338.00
2020: $350.00
2021: $362.00
2022: $393.00

**Attorney – Kristen Blume:**
2018: $251.00
2019: $338.00
2020: $350.00
2021: $355.00
2022: $385.00

**Attorney – Donald Gerstein:**
2014: $285.00

**Attorney – Kristen Rieman:**
    2017: $251.00

**Paralegals:**
    2013-2014: $112.00
    2015-2020: $120.00
    2021: $130.00
    2022: $141.00

The undersigned finds Mr. Gage's rates from 2014 to 2022 and Ms. Blume's rates through 2021 consistent with what they have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein. For Ms. Blume's 2022 rate, the undersigned finds the increase reasonable given her experience in the program and the petitioner's use of the consumer price index calculator to factor in inflation. The undersigned will therefore award this rate for work performed in 2022.

As for Mr. Gerstein, special masters, including the undersigned, have awarded him a rate of $250.00 for work performed in 2014. See, e.g., Boman v. Sec'y of Health & Hum. Servs., No. 15-0256V, 2017 WL 7362539, at *4 (Fed. Cl. Spec. Mstr. Sept. 20, 2017); Henderson v. Sec'y of Health & Hum. Servs., No. 14-1082V, 2017 WL 2628170, at *3 (Fed. Cl. Spec. Mstr. May 27, 2017). Thus, the undersigned will reduce his rate from $285.00 to $250.00. Because he expended 3.4 hours in 2014, this results in a reduction of $119.00.

For Ms. Rieman, special masters have found a reduced rate of $150.00 for work performed in 2017 appropriate and reasonable. See, e.g., Martin v. Sec'y of Health & Hum. Servs., No. 13-486V, 2019 WL 2173794, at *3 (Fed. Cl. Spec. Mstr. Apr. 23, 2019); Briggs v. Sec'y of Health & Hum. Servs., No. 15-737V, 2018 WL 3991261, at *4 (Fed. Cl. Spec. Mstr. June 27, 2018); Demitor v. Sec'y of Health & Hum. Servs., No. 17-564V, 2020 WL 1027955, at *5 (Fed. Cl. Spec. Mstr. Feb. 7, 2020). The undersigned agrees with these prior rulings, and thus, reduces Ms. Rieman's rate from $251.00 to $150.00, resulting in a reduction of $10.10.

The undersigned also finds the above requested rates for the paralegals consistent with what they have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein.

    **ii.**    **Reasonable Hours Expended**

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Hum. Servs., No. 06-559V, 2009 WL 2568468 (Fed. Cl.

Spec. Mstr. July 27, 2009).  Petitioner bears the burden of documenting the fees and costs claimed.  Rodriguez, 2009 WL 2568468 at *8.

The undersigned has reviewed the submitted billing entries and finds a reduction in the hours billed necessary.  First, Mr. Gage charged his 2019 rate for work performed on January 22, 2018.  Pet. Mot. at 84.  This results in a reduction of $6.00.  Additionally, on January 15, 2021, Mr. Gage billed at a rate of $3,652.00 instead of $362.00 per hour.  Id. at 99.  This results in a reduction of $1,316.00.

Additionally, upon review, there are excessive entries for filing documents with the court.[3]  Billing for some administrative tasks such as filing, even at a paralegal rate, is not permitted.  See Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates").  Many of these entries constitute block billing and contain the noncompensable administrative task of filing.  Mostovoy v. Sec'y of Health & Hum. Servs., No. 02-10V, 2016 WL 720969, at *6 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) ("It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable.").  Additionally, various entries are duplicative and excessive due to multiple attorneys and paralegals billing for attending the same conferences or meetings on the same day.[4]  These issues are not new to Mr. Gage.  See, e.g., Roscoe v. Sec'y of Health & Hum. Servs., No. 11-206V, 2021 WL 3746783, at *2-3 (Fed. Cl. Spec. Mstr. July 30,

---

[3] Some of these entries can be found on the following dates: May 13, 2014; May 16, 2014; May 29, 2014; July 2, 2014; July 14, 2014; September 29, 2014; October 22, 2014; December 12, 2014; January 13, 2015; August 6, 2015; November 18, 2015; August 5, 2016; September 6, 2016; December 29, 2016; January 3, 2017; March 22, 2017; April 14, 2017; March 5, 2018; March 21, 2018; April 5, 2018; April 27, 2018; April 30, 2018; May 23, 2018; June 11, 2018; July 10, 2018; September 12, 2018; September 24, 2018; October 24, 2018; November 12, 2018; November 29, 2018; December 3, 2018; April 5, 2019; April 9, 2019; April 22, 2019; July 5, 2019; November 6, 2019; November 21, 2019; November 27, 2019; January 21, 2020.  This is not an exhaustive list.

[4] Some of these entries can be found on the following dates: June 26, 2014; January 25, 2017; April 10, 2017; April 13, 2017; September 27, 2017; March 16, 2018; April 17, 2018; April 18, 2018; April 20, 2018; April 27, 2018; April 30, 2018; May 22, 2018; June 6, 2018; June 11, 2018; July 10, 2018; July 12, 2018; August 1, 2018; August 2, 2018; August 3, 2018; August 7, 2018; August 13, 2018; August 21, 2018; August 27, 2018; August 29, 2018; August 30, 2018; September 6, 2018; September 11, 2018; September 12, 2018; September 21, 2018; September 24, 2018; September 26, 2018; October 12, 2018; October 19, 2018; November 12, 2018; November 26, 2018; November 29, 2018; December 3, 2018; January 17, 2019; January 18, 2019; February 6, 2019; March 25, 2019; March 29, 2019; April 9, 2019; April 19, 2019; May 2, 2019; May 3, 2019; June 6, 2019; July 2, 2019; July 31, 2019; August 13, 2019; August 22, 2019; October 23, 2019; October 30, 2019; November 7, 2019; November 8, 2019; November 12, 2019; November 21, 2019; November 27, 2019; December 9, 2019; January 21, 2020.  This is not an exhaustive list.

2021).  Given the excessive and duplicative billing for filing documents and attending the same conferences and meetings, the undersigned finds a 5% reduction in fees reasonable.  This results in a further reduction of $7,461.26,[5] making the total fees awarded $141,763.88.[6]

B.      **Attorneys' Costs**

Petitioner requests a total of $100,703.91 in attorneys' costs.  This amount is comprised of acquiring medical records, mailing costs, the Court's filing fee, copies, and for work performed by petitioner's experts.  Pet. Mot., Tab I.  The undersigned has reviewed the requested costs and finds reductions necessary.

Petitioner requests costs for medical records from May Clinic on October 11, 2017 in the amount of $312.18.  Pet. Mot. at 152, 174.  However, petitioner was only charged $30.18 for these medical records.  Id. at 174.  The undersigned will reduce this amount by $282.00.

With regard to Mr. McNulty, petitioner provided two invoices.  In his final invoice dated September 8, 2021, Mr. McNulty states his final invoice contains the bills amounts from previous invoices and instructs Mr. Gage to "ignore" those previous invoices.  See Pet. Mot. at 187-88, 199-200.  The previous invoice was for $2,386.94.  Id. at 187-88.  Because this amount is included in Mr. McNulty's final invoice, the undersigned will not award petitioner payment for Mr. McNulty's original invoice of $2,386.94.  This results in a reduction of $2,386.94.

With regard to the requests for costs for work performed by ReEntry Rehabilitation life care planners, the undersigned finds reductions necessary for the following reasons.  First, there is a charge of $400.00 for "File set up fee," which the undersigned finds unsubstantiated and/or administrative in nature.  This charge has been deducted from a previous award for a lack of information establishing its purpose and reasonableness.  See, e.g., Nosches v. Sec'y of Health & Hum. Servs., No. 16-1657V, 2019 WL 1149944, at *3 (Fed. Cl. Spec. Mstr. Feb. 26, 2019); Ferguson v. Sec'y of Health & Hum. Servs., No. 17-1737V, 2022 WL 1467655, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2022).  For the same reason, the undersigned deducts the requested amount by $400.00.

Next, the undersigned notes that petitioner's life care planner charged her full rate of $225.00 per hour for time spent travelling for a total of 48.75 hours.  The Vaccine Program consistently awards travel time at 50% of a professional's regular billing rate.  See, e.g., Rojas v. Sec'y of Health & Hum. Servs., No. 14-1220V, 2017 WL 6032300, at *14 (Fed. Cl. Spec. Mstr. Apr. 5, 2017); Hocraffer v. Sec'y of Health & Hum. Servs., No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); O'Neill v. Sec'y of Health & Hum. Servs., No. 08-243V, 2015 WL 2399211, at *18-19 (Fed. Cl. Spec. Mstr. Apr. 28, 2015) (reducing petitioner's life care planner's hourly rate by 50% for 25 hours of travel time).  This results in a reduction of $5,484.38.

---

[5] $150,676.24 - $119.00 - $10.10 - $6.00 - $1,316.00 = $149,225.14.  Five percent of $149,225.14 equals $7,461.26.

[6] $150,676.24 - $119.00 - $10.10 - $6.00 - $1,316.00 - $7,461.26 = $141,763.88.

Lastly, the undersigned notes that after requesting receipts for the life care planner's expenses, the life care planner provided a new total of $3,350.98 for expenses along with supporting documentation, which is $179.60 less than the original requested amount of $3,530.58.  Pet. Status Report, filed June 29, 2022 (ECF No. 302).  The undersigned will thus award the new amount requested, which results in a reduction of $179.60.

### C.    Petitioner's Costs

Petitioner requests a total of $2,322.67 in costs, mostly comprised of expenses related to the damages hearing.  The undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation.  Accordingly, the full amount of costs shall be awarded.

## II.    CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $150,676.24 |
| (Total Reduction from Billing Hours) | -$8,912.36[7] |
| **Total Attorneys' Fees Awarded** | **$141,763.88** |
| | |
| Attorneys' Costs Requested | $100,703.91 |
| (Reduction of Costs) | -$8,732.92[8] |
| **Total Attorneys' Costs Awarded** | **$91,970.99** |
| | |
| Petitioner's Costs Requested | $2,322.67 |
| (Reduction of Costs) | -$ 0.00 |
| **Total Petitioner's Costs** | **$2,322.67** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$233,734.87** |
| **Total Petitioner's Costs Awarded** | **$2,322.67** |

**Accordingly, the undersigned awards:**

**(1)  A lump sum in the amount of $233,734.87 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. Richard Gage.**

**(2)  A lump sum in the amount of $2,322.67, representing reimbursement for reasonable costs, in the form of a check payable to petitioner, Ms. Tammy Schettl.**

---

[7] $119.00 + $10.10 + $6.00 + $1,316.00 + $7,461.26 = $8,912.36.

[8] $282.00 + $2,386.94 + $400.00 + $5,484.38 + $179.60 = $8,732.92.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[9]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master

---

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.